United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT PATENT INNOVATIONS, LLC, and REMBRANDT SECURE COMPUTING, LP,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | No. C 14-05094 WHA (Lead Case)<br><br>No. C 14-05093 WHA (Consolidated Case)<br><br>**CASE MANAGEMENT ORDER AND ORDERS CONSOLIDATING CASES AND VACATING HEARING ON MOTION TO CONSOLIDATE** |

After a case management conference and oral argument, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. Pursuant to FRCP 42, Case No. 14-5093 and Case No. 14-5094 are **HEREBY CONSOLIDATED**, however, this is without prejudice to Apple Inc. moving to dismiss Case No. 14-5093. **CASE NO. 14-5094** shall be the **LEAD CASE**. All subsequent filings must be made only in the lead case but shall be deemed filed in both cases. Both files remain open for now. Please include the above case caption in all future filings. In light of this ruling, plaintiff's motion to consolidate is hereby **DENIED AS MOOT** (Case No. 14-5093, Dkt. No. 131). The March 26 hearing is hereby **VACATED**.

2. All initial disclosures under FRCP 26 must be completed by **MARCH 27, 2015**, on pain of preclusion, including full and faithful compliance with FRCP 26(a)(1)(A)(iii).

3. Leave to add any new parties or pleading amendments must be sought by **APRIL 30, 2015**.

4. The private mediator must be selected and on calendar by **APRIL 30, 2015**, and the mediation must be completed by **JULY 31, 2015**.

5. The non-expert discovery cut-off date shall be **MARCH 31, 2016**.

6. The deadline for producing opinions of counsel under Patent Local Rule 3-8 shall be **28 CALENDAR DAYS** before the non-expert discovery cut-off, irrespective of the timeline in said rule.

7. Subject to the exception in the next paragraph, the last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **MARCH 31, 2016**. Within **FOURTEEN CALENDAR DAYS** of said deadline, all other parties must disclose any expert reports on the same issue ("opposition reports"). Within **SEVEN CALENDAR DAYS** thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial. If the party with the burden of proof neglects to make a timely disclosure, the other side, if it wishes to put in expert evidence on the same issue anyway, must disclose its expert report within the fourteen-day period. In that event, the party with the burden of proof on the issue may then file a reply expert report within the seven-day period, subject to possible exclusion for "sandbagging" and, at all events, any such reply material may be presented at trial only after, if at all, the other side actually presents expert testimony to which the reply is responsive. The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response.

1    Experts must make themselves readily available for such depositions. Alternatively,
2    the responding party can elect to depose the expert later in the expert-discovery period.
3    An expert, however, may be deposed only once unless the expert is used for different
4    opening and/or opposition reports, in which case the expert may be deposed
5    independently on the subject matter of each report. At least **28 CALENDAR DAYS** before
6    the due date for opening reports, each party shall serve a list of issues on which it will
7    offer any expert testimony in its case-in-chief (including from non-retained experts).
8    This is so that all parties will be timely able to obtain counter-experts on the listed
9    issues and to facilitate the timely completeness of all expert reports. Failure to so
10   disclose may result in preclusion.

11   8.  As to damages studies, the cut-off date for *past damages* will be as of the expert report
12       (or such earlier date as the expert may select). In addition, the experts may try to
13       project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for
14       future damages can be met. With timely leave of Court or by written stipulation, the
15       experts may update their reports (with supplemental reports) to a date closer to the time
16       of trial.

17   9.  At trial, the direct testimony of experts will be limited to the matters disclosed in their
18       reports. Omitted material may not ordinarily be added on direct examination.
19       This means the reports must be complete and sufficiently detailed. Illustrative
20       animations, diagrams, charts and models may be used on direct examination only if
21       they were part of the expert's report, with the exception of simple drawings and
22       tabulations that plainly illustrate what is already in the report, which can be drawn by
23       the witness at trial or otherwise shown to the jury. If cross-examination fairly opens
24       the door, however, an expert may go beyond the written report on cross-examination
25       and/or redirect examination. By written stipulation, of course, all sides may relax these
26       requirements. For trial, an expert must learn and testify to the full amount of billing
27       and unbilled time by him or his firm on the engagement.

10. To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is correct. This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not) violate standards. Rather, the expert should be asked for his or her opinion based — explicitly — upon an assumed fact scenario. This will make clear that the witness is not attempting to make credibility and fact findings and thereby to invade the province of the jury. Of course, a qualified expert can testify to relevant customs, usages, practices, recognized standards of conduct, and other specialized matters beyond the ken of a lay jury. This subject is addressed further in the trial guidelines referenced in paragraph 22 below.

11. Counsel need not request a motion hearing date and may notice non-discovery motions for any Thursday (excepting holidays) at 8:00 a.m. The Court sometimes rules on the papers, issuing a written order and vacating the hearing. If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument or at least the lion's share, then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive. Discovery motions should be as per the supplemental order referenced in paragraph 22 and shall be expedited.

12. The last date to file dispositive motions shall be **MAY 5, 2016**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

13. The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **JUNE 29, 2016**. Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference. For the form of submissions for the final pretrial conference and trial, please see paragraph 22 below.

4

14. A **JURY TRIAL** shall begin on **JULY 11, 2016**, at **7:30 A.M.**, in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

15. Counsel may not stipulate around the foregoing dates without Court approval.

16. For many years, the Court has conducted a claim construction hearing about mid-way through the fact-discovery period. While this timing gives some guidance to counsel and experts, it has the distinct disadvantage of requiring abstract rulings without the benefit of a more complete record, thus increasing the risk of a claim construction error and a re-trial (and, for that matter, subsequent second appeal). Instead of a stand-alone claim construction hearing, claim construction will now be done on summary judgment or at trial in setting the jury instructions. In this way, the Court will better understand the as-applied meaning of terms advanced by counsel as claim constructions.

17. Each party (or group of related parties) shall be entitled to one summary judgment motion. If it is granted in full or nearly so, then that party (or group) may ask for leave to file another summary judgment motion as long as the deadline to file one has not passed. Any summary judgment motion must be limited to 25 pages of briefing and 120 pages of declarations and exhibits (not counting the patent itself). The opposition must be limited to forty pages of briefing and 140 pages of declarations. The reply must be limited to fifteen pages of briefing and twenty pages of declarations and exhibits. In the case of voluminous documents and transcripts attached as exhibits, counsel may append only the pages of the document necessary to support the assertions in the briefing and provide reasonable context, along with pages sufficient to identify the documents. Any judicially noticed material will count as an exhibit, but counsel may rely on exhibits and declarations already filed on the same motion by the other

5

  side without counting them against counsel's limit. All briefing and declarations must be double-spaced with number twelve font with only occasional single-spaced quotes and footnotes.

18. A movant may move before the summary judgment deadline and before the end of discovery. If it does so, however, it should ordinarily alert the other side of the specific grounds for its contemplated motion reasonably in advance of the motion and cooperate in all discovery the opposing side reasonably needs to meet the issues raised. Once the opposing side is on notice of the contemplated motion, it must act with diligence to investigate and to conduct discovery to meet the anticipated motion. Lack of diligence will undermine any application to postpone the summary judgment motion under FRCP 56(d). Again, if the motion is largely granted, then the prevailing party may seek permission to file yet another summary judgment motion, but if it is largely denied, no further summary judgment motions will be allowed to that party, for a movant should base its motion on its best ground for summary relief. Permission may be sought by filing a five-page application setting forth the ground for the new motion. Any opposition must be filed within three court days.

19. The Court realizes that counsel would prefer to go into a trial or summary judgment knowing how the jury will be instructed as to all claims terms, but even under other case management approaches, that preference is rarely attainable. Postponing claim construction until after the judge has the benefit of the trial evidence or at least the benefit of the summary judgment record is more likely to avoid a mistake in claim construction. Moreover, it is customary in trials of all types for counsel and experts to learn only at the instructions-settling conference near the end of the evidence what instructions will or will not be given. As is routinely done in non-patent trials, patent trial counsel should adjust their trial plan and their expert presentations to account for the risk that their favored claim constructions will be rejected or modified in the final instructions.

6

20. Although claim construction will only be done in the context of summary judgment (or settling the jury instructions), the infringement and invalidity procedures of our local patent rules must still be followed, including Rules 3-1 to 3-7, and 4-1 to 4-4 (except that the Court prefers six terms rather than ten). Claim construction briefs must still be filed under the schedule provided by Rule 4-5 but on summary judgment, the pertinent parts of the claim construction briefs shall be extracted out and/or cited as relevant. As stated above, the claim construction hearing under Rule 4-6 shall occur along with summary judgment. Plaintiff must timely refile its infringement contentions to conform to our Local Rule 3-1, which filing shall trigger the due date for the invalidity contentions. While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ene. The parties should proceed to prepare their cases for trial. No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

21. To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a telephone conference to work out an alternate procedure pending a formal dismissal.

22. If you have not already done so, please read and follow the "Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge

7

1   William Alsup" and other orders issued by the Clerk's office when this action was
2   commenced. Among other things, the supplemental order explains when submissions
3   are to go to the Clerk's Office (the general rule) versus when submissions may go
4   directly to chambers (rarely). With respect to the final pretrial conference and trial,
5   please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil
6   Jury Cases Before The Honorable William Alsup." All orders and guidelines
7   referenced in the paragraph are available on the district court's website at
8   http://www.cand.uscourts.gov. The website also includes other guidelines for
9   attorney's fees motions and the necessary form of attorney time records for cases
10  before Judge Alsup. If you do not have access to the Internet, you may contact Deputy
11  Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

23. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by said rule.

**IT IS SO ORDERED.**

Dated: February 19, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE