IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT PATENT INNOVATIONS LLC, and REMBRANDT SECURE COMPUTING, LP,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | No. C 14-05094 WHA (lead)<br>No. C 14-05093 WHA (consolidated)<br><br>**ORDER DENYING MOTION TO AMEND INFRINGEMENT CONTENTIONS** |

## INTRODUCTION

In this patent-infringement action involving initialization of computer systems, the patent owner moves to amend its fifth amended disclosure of asserted claims and infringement contentions. For the reasons stated below, the patent owner's motion is **DENIED**.

## STATEMENT

Plaintiffs Rembrandt Patent Innovations, LLC, and Rembrandt Secure Computing, LP (collectively, "Rembrandt") are non-practicing entities. Rembrandt Patent Innovations owns United States Patent No. 6,185,678. Rembrandt Secure Computing is an exclusive licensee of the '678 patent and possesses the right to sue and recover for infringement thereof. Rembrandt commenced this action in 2014 in the Eastern District of Texas, claiming that defendant Apple Inc.'s "servers and other Apple electronic devices that support iTunes functionality, and any Apple electronic devices configured or adapted to operate with Apple's iPhone OS or iOS" infringed the '678 patent (Compl. at ¶ 13).

1    Pursuant to the Patent Local Rules in the Eastern District of Texas, Rembrandt served its
2  initial disclosure of asserted claims and infringement contentions in June 2014.  Rembrandt
3  accused twenty products across three different categories of infringing the '678 patent in their
4  initial infringement contentions (Schlesinger Decl., Exh. 1 at 3):

| CATEGORY | ACCUSED PRODUCTS IN INITIAL INFRINGEMENT CONTENTIONS |
|---|---|
| iPhone | iPhone, iPhone 3, iPhone 3G, iPhone 3Gs, iPhone 4, iPhone 4s, iPhone 5, iPhone 5c, iPhone 5s |
| iPod | iPod Touch 1st Generation, iPod Touch 2nd Generation, iPod Touch 4th Generation, iPod Touch 5th Generation |
| iPad | iPad, iPad 2, iPad 3rd Generation, iPad 4th Generation, iPad Air, iPad Mini, iPad Mini 2 |

13   In October 2014, pursuant to the Patent Local Rules in the Eastern District of Texas,
14 Rembrandt served its first amended infringement contentions after it reviewed Apple's source
15 code for the accused software products (*id.*, Exh. 3).  Later that month, a judge in the Eastern
16 District of Texas granted Apple's motion to transfer the action to this district and assigned to
17 the undersigned judge (Dkt. No. 17).
18   In March 2015, Rembrandt served Apple with its second amended infringement
19 contentions, merely reformatting its extant contentions to comply with this district's Rules.
20 Later in March, Rembrandt moved for leave to file its third amended infringement contentions,
21 which accused four new products that Apple released in late 2014 and added infringement
22 theories under the doctrine of equivalents for many of the asserted claim elements (Dkt. No. 68-
23 23):

| CATEGORY | NEWLY-ACCUSED PRODUCTS IN THIRD AMENDED INFRINGEMENT CONTENTIONS |
|---|---|
| iPhone | iPhone 6, iPhone 6s |
| iPod | [none] |
| iPad | iPad Air 2, iPad Mini 3 |

Apple filed a statement of non-opposition, and an order granted Rembrandt's motion (Dkt. Nos. 73 & 74).

In July 2015, Rembrandt sought leave to file its fourth amended infringement contentions, which updated its source code citations (Dkt. No. 93). Apple filed a statement of non-opposition, and an order granted Rembrandt's motion (Dkt. Nos. 98 & 99).

In September 2015, Rembrandt sought leave to file its fifth amended infringement contentions, which added one product that Apple released in July (Dkt. No. 101):

| CATEGORY | NEWLY-ACCUSED PRODUCTS IN FIFTH AMENDED INFRINGEMENT CONTENTIONS |
|---|---|
| iPhone | [none] |
| iPod | iPod Touch 6th Generation |
| iPad | [none] |

Apple filed a statement of non-opposition, but noted that it asked Rembrandt whether its fifth amendment would be its last, to which Rembrandt responded, "[w]e see no reason to agree that this is the last product, especially since Apple is about to offer new products" (Dkt. No. 103). An order granted Rembrandt's motion to file its fifth amended infringement contentions (Dkt. No. 104).

As a result of Rembrandt's serial amendments, there are now twenty-five accused hardware products as well as eight versions of the operating system at issue. Discovery regarding those products is ongoing, including nineteen outstanding depositions (not including 30(b)(6) witnesses).

Rembrandt now moves to file its *sixth* amended infringement contentions, seeking to add four new versions of Apple's hardware products and the newest version of Apple's mobile

1 operating system, iOS 9, which Apple released soon after Rembrandt served its fifth amended
2 infringement contentions (Dkt. No. 118):

| CATEGORY | NEWLY ACCUSED PRODUCTS (PROPOSED SIXTH AMENDED INFRINGEMENT CONTENTIONS) |
|---|---|
| iPhone | iPhone 6s, iPhone 6s Plus |
| iPod | [none] |
| iPad | iPad mini 4th Generation, iPad Pro |

The newly-accused hardware products are updated iterations of hardware products that already accused in this action, and Apple admits that the relevant source code in the previous version of its operating system, iOS 8 (already accused in this action), is representative of iOS 9. Apple opposes Rembrandt's motion (Dkt. No. 121).

Fact discovery closes on March 31, 2016, and the trial is set for July 11, 2016.

This order follows full briefing, including supplemental briefing regarding recent amendments to the Federal Rules of Civil Procedure, and oral argument.

**ANALYSIS**

Rule 15(d) of the Federal Rules of Civil Procedure provides that a supplemental complaint, not merely an amended complaint, is necessary to set forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In other words, the filing date of a complaint ordinarily determines the cut-off date for the scope of the case, and a party must seek leave to extend the case to include claims based on facts that occurred after that date.

On December 1, 2015, the amended Federal Rules of Civil Procedure took effect. The amended Rules apply to pending cases "insofar as just and practicable." H.R. Doc. No. 114-33, at 2 (2015). The changes included the deletion of Rule 84, which provided, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." The Appendix referenced in Rule 84 included Form 18, an example complaint for patent infringement. Form 18 merely included an allegation that the defendant infringed the asserted patent by making, using, or selling "electric motors" without specifying the model of

4

the accused motors.  The Federal Circuit held that, pursuant to Rule 84, the pleading standard set forth in Form 18, not the pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), controls.  *In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).  Rule 84 has been abrogated, so *In re Bill of Lading* no longer applies.

Patent Local Rule 3-1(b) requires patent owners to identify each accused product of which the patent owners is aware by serving infringement contentions on the accused infringer "not later than 14 days after the Initial Case Management Conference."  Patent Local Rule 3-6 provides that a party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause."

Rembrandt specifically identified the accused products of which it was aware at the time in its complaint, but it also accused "all reasonably similar products" (Compl. ¶ 13).  It has added products released after the filing date to this case by repeatedly amending its infringement contentions (with Apple's consent), but it has not sought leave to file a supplemental complaint, apparently relying on the belief that its reference to "all reasonably similar products" satisfied the pleading standard set forth on Form 18, even as to newly-released products.  Form 18, however, no longer applies.

With repeated amendments to its infringement contentions, Rembrandt has already made this case increasingly unmanageable, and has already put undue pressure on the discovery and trial schedule (which schedule is unlikely to be adjusted).  It is time to prepare for the trial of the already-accused products, which trial will begin on July 11, 2016.  There must be some reasonable cut-off date after which Rembrandt cannot further expand the case simply because Apple's product cycle has outpaced the resolution of this case.  This order would come to the same conclusion even if the issue were simply a matter of our local patent rules (*i.e.*, good cause not shown), but the failure to recognize the pleading problem provides an alternative ground.

At oral argument, counsel for plaintiffs cited *LSI Corporation v. Funai Electric Company, Ltd.*, No. 15-4307, slip op. at 2 (N.D. Cal. Dec. 8, 2015) (Edward M. Chen), which denied a motion to dismiss a complaint that failed to specifically identify accused products.  That decision is easily distinguished.  *First*, although the decision issued after December 1, it

5

applied the pleading standard of Form 18.  (The order did not address the amendments to the Rules.)  *Second*, the issue there was whether or not to dismiss a pending complaint, not, as here, whether or not to allow a party to expand the case based on facts that occurred after the case had been filed.  *LSI Corporation* is inapposite.

This order holds that Rembrandt may not amend its infringement contentions *or* file a supplemental complaint to expand the case at this late juncture.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to amend their infringement contentions is hereby **DENIED**.  This is, of course, without prejudice to Rembrandt filing a new complaint (complying with *Iqbal*) for follow-on products, paying the filing fee, and seeking to relate the new case to the undersigned judge.

**IT IS SO ORDERED.**

Dated:  December 13, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6