IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBRANDT PATENT INNOVATIONS, LLC, and REMBRANDT SECURE COMPUTING, LP,<br><br>    Plaintiffs,<br><br>  v.<br><br>APPLE INC,<br><br>    Defendant.<br>_____/ | No. C 14-05094 WHA (Lead)<br>No. C 14-05093 WHA (Consolidated)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

      An order granted in part and denied in part defendant Apple Inc.'s motion to compel the production of certain documents that plaintiffs Rembrandt Patent Innovations, LLC, and Rembrandt Secure Computing, LP, (collectively "Rembrandt") asserted were protected by work-product immunity (Dkt. No. 153). That order held that Rembrandt waived any work-product immunity by disclosing the documents to the inventors of the patent at issue in this action before the parties shared a common legal interest, which disclosures occurred before Rembrandt acquired an exclusive option to purchase the patent. Those disclosures were referred to as Category 3A, in reference to a diagram provided to the parties at the hearing (*id.* at 4).

      Rembrandt argues that reconsideration is appropriate because the order on Apple's motion to compel conflated the standard for waiver of work-product immunity with that for waiver of attorney-client privilege and contends that constituted "[a] manifest failure by the

Court to consider . . . dispositive legal arguments which were presented to the Court . . . " Civil L.R. 7-9(b)(3). Rembrandt cites, as it had in its opposition to Apple's motion, the undersigned judge's decision in *Skynet Electronics Co. v. Flextronics International, Ltd.*, No. 12-6317, 2013 WL 6623874, at *3 (N.D. Cal. Dec. 16, 2013), for the position that waiver of work-product immunity only occurs when the disclosure at issue "substantially increased the opportunity for the adverse party to obtain the information." Rembrandt points to several other decisions cited in its opposition to Apple's motion to compel that applied a similar standard. *See Ellis v. J.P. Morgan & Chase Co.*, No. 12-3897, 2014 WL 1510884, at *5 (N.D. Cal. Apr. 1, 2014) (Judge Joseph C. Spero); *Pecover v. Elec. Arts Inc.*, No. 08-2820, 2011 WL 6020412, at *2 (N.D. Cal. Dec. 2, 2011) (Judge Bernard Zimmerman); *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (Judge Edward M. Chen).

Rembrandt particularly notes that *Pecover*, 2011 WL 6020412, at *2, clarified that work product disclosed pursuant to a common interest remains subject to work-product immunity even if the common interest lacks a legal component. There, the defendant in an antitrust action disclosed its work product to an alleged co-conspirator because the action sought to enjoin a licensing agreement among the conspirators. Although the co-conspirator had not been named as a defendant, the defendant's commercial relationship with the co-conspirator constituted a common interest sufficient to preserve work-product immunity.

Our court of appeals has not addressed the proper standard for waiver of work-product immunity. Whether or not Rembrandt is correct that *any* common interest suffices to preserve work-product immunity — rather than a common *legal* interest — Rembrandt nevertheless waived work-product immunity as to materials covered by Category 3A. As the order on Apple's motion to compel noted, "considerable adversity existed" between Rembrandt and the named inventors as they negotiated at arm's length (Dkt. No. 153 at 14). At that time, Rembrandt and the named inventors lacked a common interest, legal or otherwise. Rembrandt and the named inventors did ultimately enter into a business relationship, after which their interests aligned, but they remained adversaries until Rembrandt acquired an exclusive option to purchase the patent. Rembrandt's disclosure of its attorney work product to the named

2

inventors while their interests remained adverse waived work-product immunity as to those materials. Accordingly, Rembrandt's motion for leave to file a motion for reconsideration is **DENIED**.

*                              *                              *

In its brief opposing the instant motion, Apple asked the Court to clarify whether Rembrandt must produce communications sent *from* the named inventors *to* Rembrandt, which Apple describes as Category 2A. Apple has again failed to specify whether it is referring to communications that reflected or included materials disclosed by Rembrandt to the named inventors or protected materials disclosed by the named inventors to Rembrandt. Apple simply notes that referred to communications "between" Rembrandt and the named inventors generally, rather than specifying the sender or the recipient of any such communications. For the reasons discussed above, Rembrandt may not assert work-product immunity over communications that included or reflected materials that it disclosed to the named inventors prior to when it acquired an exclusive option to purchase the patent, regardless of the sender of the particular communication. Apple has not made any argument regarding materials that the named inventors first disclosed to Rembrandt, so this order does not address that issue.

Rembrandt shall complete production consistent with this order no later than **FRIDAY, FEBRUARY 19 AT NOON**.

**IT IS SO ORDERED.**

Dated: February 12, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE